UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **TATIANA OSTROWIECKI,** *et al.* | **CIVIL ACTION** |
| **VERSUS** | **No. 07-6598** |
| **AGGRESSOR FLEET, LTD.,** *et al.* | **SECTION: I/5** |
| **c/w** | |
| **SONDRA RUBIN,** *et al.* | **CIVIL ACTION** |
| **VERSUS** | **No. 07-6931** |
| **AGGRESSOR FLEET, LTD.,** *et al.* | |

ORDER AND REASONS

Plaintiffs in the above-captioned actions, Tatiana Ostrowiecki, Alexandre Ostrowiecki, and Susan Sverner, on behalf of her minor child, Julia Helena Ostrowiecki, (collectively "Ostrowiecki plaintiffs") and Sondra Rubin and Lilith Rubin (collectively "Rubin plaintiffs"),[1] have filed a joint motion to remand pursuant to 28 U.S.C. § 1447.[2]  For the following reasons, plaintiffs' joint motion to remand is **DENIED**.

---

[1] Tatiana Ostrowiecki and Julia Helena Ostrowiecki are the daughters of Israel Ostrowiecki ("Ostrowiecki") and Alexandre Ostrowiecki is the son of Ostrowiecki. R. Doc. No. 1-7, notice of removal, Ostrowiecki state ct. pet. They are bringing this action on behalf of their deceased father. *Id.* Sondra Rubin is the surviving spouse of Bruce Rubin ("Rubin") and is bringing this action on behalf of her deceased husband. R. Doc. No. 24-3, joint mot. remand, ex. B, Rubin state ct. second am. pet. Lilith Rubin is the daughter of Rubin and is bringing this action on behalf of her deceased father and, on her own behalf, for negligent and intentional infliction of emotional distress. *Id.*

[2] R. Doc. No. 24, joint mot. to remand. Unless otherwise noted, all references are to the record documents in the master case in this consolidated action, *Ostrowiecki v. Aggressor Fleet, Ltd.*, Civil Action No. 07-6598 (E.D. La.).

## *BACKGROUND*

Israel Ostrowiecki ("Ostrowiecki"), Bruce Rubin ("Rubin"), and Rubin's daughter, Lilith Rubin ("L. Rubin"), were three of nineteen passengers on a ten-day cruise and recreational scuba diving expedition aboard the D/V OKEANOS AGGRESSOR ("OKEANOS").[3] The divers would prepare for the daily dives aboard the OKEANOS before traveling aboard a smaller vessel to the specific dive site.[4] On May 16, 2003, Ostrowiecki, Rubin, and L. Rubin prepared for the second dive of the day and traveled from the OKEANOS to the dive site near the Cocos Islands, off the coast of Costa Rica.[5] Fifty minutes from the time the dive began, seven of the nine divers, including L. Rubin, returned to the vessel.[6] The vessel searched for forty-five minutes for the remaining divers, Ostrowiecki and Rubin, but to no avail.[7] Ostrowiecki and Rubin allegedly disappeared at sea during this dive.[8]

On November 5, 2003, the Ostrowiecki plaintiffs filed their petition in Orleans Parish Civil District Court against Aggressor Fleet, Ltd., ("AFL"),[9] Aggressor Fleet Franchising, Inc.,

---

[3] Ostrowiecki pet. ¶¶ 12, 15; Rubin state ct. second am. pet. ¶¶ 2, 13. Ostrowiecki, Rubin, and L. Rubin boarded the vessel on May 12, 2003, at Puntarenas, Costa Rica, the originating point of the diving trip. Ostrowiecki pet. ¶¶ 13, 14; Rubin second am. pet. ¶¶ 14, 17.

[4] Ostrowiecki pet. ¶ 14; Rubin second am. pet. ¶ 17.

[5] Ostrowiecki pet. ¶¶ 11, 15; Rubin second am. pet. ¶¶ 12, 19. Ostrowiecki, Rubin, and L. Rubin were three of nine divers on this particular dive. Ostrowiecki pet. ¶ 15; Rubin second am. pet. ¶ 19.

[6] Ostrowiecki pet. ¶ 20; Rubin second am. pet. ¶ 23. Several of the other divers allegedly aborted the dive early because of turbulent diving conditions. Ostrowiecki pet. ¶¶ 18-19; Rubin second am. pet. ¶ 22.

[7] Ostrowiecki pet. ¶¶ 20-23; Rubin second am. pet. ¶¶ 23-26.

[8] Ostrowiecki pet. ¶¶ 11, 27; Rubin second am. pet. ¶ 12, 31.

[9] AFL is allegedly the booking agent for scuba diving trips aboard vessels operating as Aggressor Fleet franchisees, including the OKEANOS. Ostrowiecki pet. ¶ 4.

("AFFI"),[10] Aggressors International, Ltd., ("AIL"),[11] Aventuras Maritimas Okeanos, S.A., ("AMO"),[12] Wayne Hasson ("Hasson"),[13] Randall Martinez Chinchilla ("Chinchilla"),[14] and XYZ Insurer.[15]  Two days later, the Rubin plaintiffs also filed their petition in Orleans Parish Civil District Court against the same seven defendants.[16]  The Ostrowiecki and Rubin plaintiffs sought damages for defendants' negligence, breach of contract, and misrepresentation and for wrongful death and survival damages.[17]  The Rubin plaintiffs also alleged intentional and negligent infliction of emotional distress.[18]

On December 4, 2003, defendants removed the cases to this Court, claiming that the Death on the High Seas Act ("DOHSA") provided "the exclusive remedy for any person

---

[10] AFFI is allegedly the franchisor for the Aggressor Fleet, which includes the OKEANOS.  *Id.* ¶ 5.

[11] AIL allegedly assists in marketing Aggressor Fleet franchisees, including the OKEANOS.  *Id.* ¶ 6.  AIL was dismissed as a defendant from the lawsuit when the Louisiana Court of Appeals for the Fourth Circuit granted AIL's writ application with respect to personal jurisdiction.  R. Doc. No. 24-2, mem. supp. of joint mot. to remand at 7 n.4.

[12] AMO is allegedly an Aggressor Fleet franchisee and the owner and operator of the OKEANOS.  *Id.* ¶ 7.

[13] Hasson is allegedly an owner of AIL and the Aggressor Fleet franchise Operations Manager Captain.  *Id.* ¶ 8.

[14] Chinchilla is allegedly the President of AMO.  *Id.* ¶ 9.

[15] Ostrowiecki pet.  The Ostrowiecki plaintiffs amended their petition on May 6, 2004, to add Randal E. Wright ("Wright") as a defendant.  R. Doc. No. 1-9, notice of removal, Ostrowiecki state ct. second am. pet.  Wright was a dive master appointed to the OKEANOS and allegedly supervised the dive on May 16, 2003, when Ostrowiecki and Rubin disappeared.  Ostrowiecki second am. pet.

[16] *Rubin v. Aggressor Fleet, Ltd.*, Civil Action No. 07-6931, R. Doc. No. 1-6, notice of removal, ex. C, Rubin state ct. pet. (E.D. La. Oct. 9, 2007).

[17] Ostrowiecki pet. ¶¶ 34-51; Rubin second am. pet. ¶¶ 39-61.

[18] Rubin second am. pet. ¶¶ 54-57.

claiming damages as the result of death occurring on the high seas."[19] The Ostrowiecki and Rubin plaintiffs filed a joint motion to remand which the Court granted.[20]

On June 17, 2004, the two lawsuits were consolidated by the Orleans Parish Civil District Court.[21] On April 7, 2006, plaintiffs amended their joint petition to add three insurers,[22] Certain Underwriters at Lloyds, London, ("Lloyds"),[23] Travelers Property Casualty Corporation ("Travelers"),[24] and the Shipowners Mutual Protection and Indemnity Association (Luxembourg) ("Shipowners").[25] The plaintiffs amended their joint petition again on July 23, 2007, adding an alternative claim pursuant to the Death on the High Seas Act ("DOHSA"), 46 U.S.C. §§ 30301-30308.[26]

On October 9, 2007, Shipowners filed a Notice of Removal[27] alleging that, because of the arbitration clause included in its insurance policies, this Court has original jurisdiction pursuant

---

[19] *Rubin v. Aggressor Fleet Ltd.*, Civil Action No. 03-3408, R. Doc. No. 1, notice of removal ¶ 5 (E.D. La. Dec. 4, 2003); *Ostrowiecki v. Aggressor Fleet Ltd.*, Civil Action No. 03-3409, R. Doc. No. 1, notice of removal ¶ 5 (E.D. La. Dec. 4, 2003).

[20] *See Rubin*, Civil Action No. 03-3408, R. Doc. No. 5, joint mot. to remand (E.D. La. Jan. 5, 2004); R. Doc. No. 11, minutes granting mot. to remand (E.D. La. Jan. 21, 2004).

[21] *Ostrowiecki v. Aggressor Fleet, Ltd.*, Civil Action No. 2003-16697 (Orleans Parish Civ. Dist. Ct. June 17, 2004).

[22] Louisiana law allows a plaintiff to bring a direct action against a tortfeasor's insurer. La. Rev. Stat. Ann. § 22:655 (2004).

[23] Lloyds allegedly provided underwater liability insurance to defendants Wright, AFL, AFFI, Hasson, and AMO. R. Doc. No. 24-4, joint mot. to remand, ex. C, joint fourth am. pet.

[24] Travelers allegedly provided general commercial liability insurance to defendants AFL and Hasson. *Id.*

[25] Shipowners allegedly provided liability insurance to defendants AMO, AFFI, and AFL. *Id.*

[26] Notice of removal, ex. C, joint fifth am. pet.

[27] The parties filed a notice of removal in each case. *See Ostrowiecki v. Aggressor Fleet, Ltd.*, Civil Action No. 07-6598, R. Doc. No. 1; *Rubin v. Aggressor Fleet, Ltd.*, Civil Action No. 07-6931, R. Doc. No. 1. The notices of removal contain no differences, and the Court will only refer to the *Ostrowiecki* notice of removal throughout this Order.

to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), which Congress implemented at 9 U.S.C. §§ 201-208 (2006) ("Convention Act").[28] On October 30, 2007, the Ostrowiecki and Rubin plaintiffs filed a joint motion to remand.[29]

## *LAW AND ANALYSIS*

### I. Standard of Law

A motion to remand will be granted if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c) (2006); *see Certain Underwriters at Lloyd's, London v. Warrantech Corp.*, 461 F.3d 568, 571-72 (2006). The burden of establishing that federal jurisdiction exists in a case "rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Normally, any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). However, "the general rule of construing removal statutes strictly against removal 'cannot apply to Convention Act cases because in these instances, Congress created special removal rights to channel cases into federal court.'" *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 377 (5th Cir. 2006) (*quoting McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1213 (5th Cir. 1991)). In order to determine whether jurisdiction is present, a court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop.*

---

[28] Notice of removal ¶ 7.

[29] Joint mot. to remand. On November 14, 2007, this Court consolidated the two actions. R. Doc. No. 35, consolidation order.

*& Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Courts may also consider the petition for removal in determining whether jurisdiction is present in cases removed pursuant to § 205. *Beiser v. Weyler*, 284 F.3d 665, 671 (5th Cir. 2002); *see* 9 U.S.C. § 205 ("[T]he ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.").

## II.     Discussion

*A.     Removal Pursuant to the Convention Act[30]*

Section 205 of the Convention Act allows defendants to remove a state court action at any time prior to trial[31] when the subject matter of the lawsuit "*relates to* an arbitration

---

[30] Congress ratified the Convention in 1970 "to secure for United States citizens predictable enforcement by foreign governments of certain arbitral contracts and awards made in this and other signatory nations." *McDermott*, 944 F.2d at 1207; *see* Convention on the Recognition and Enforcement of Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3, *reprinted at* 9 U.S.C. § 201 note (2000).  Chapter 2 of title 9, *i.e.*, the Convention Act, was promulgated to establish procedures for the courts to implement the Convention.  9 U.S.C. § 201 ("The [Convention] shall be enforced in United States courts in accordance with this chapter."); *McDermott*, 944 F.2d at 1208.  The Convention Act incorporates all nonconflicting provisions of chapter 1 of title 9, *i.e.*, the Federal Arbitration Act, in § 208.  9 U.S.C. § 208 ("Chapter 1 applies to actions and proceedings brought under this chapter to the extent that chapter is not in conflict with this chapter . . . ."); *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140, 1146 (5th Cir. 1985).

Further, "[t]he goal of the convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."  *Sedco*, 767 F.2d at 1147 (*quoting Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15, 94 S. Ct. 2449, 2457 n.15, 41 L. Ed. 2d 270, 281 n.15 (1974)).  "The unambiguous policy in favor of the recognition of arbitration agreements falling under the Convention is reflected in provisions incorporating by reference the Federal Arbitration Act," which is liberally favored in federal courts.  *Acosta*, 452 F.3d at 377-78; *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23 n.27, 103 S. Ct. 927, 941 n.27, 74 L. Ed. 2d 765, 784 n.27 (1983).

[31] The thirty-day time limit of 28 U.S.C. § 1446(b) is inapplicable to cases removed pursuant to § 205.  *See Dahiya v. Talmidge Int'l, Ltd.*, 371 F.3d 207, 208 (5th Cir. 2004); *Acme Brick Co. v. Agrupacion Exportadora de Maquinaria Ceramica*, 855 F. Supp. 163, 166 (N.D. Tex. 1994) (noting that nothing could be more plain than the time requirement in § 205 and "'the notion that the time provision of 28 U.S.C. § 1446(b) applies is totally without merit'" (*quoting Dale Metals Corp. v. Kiwa Chem. Indus. Co.*, 442 F. Supp. 78, 81 n.1 (D.C.N.Y. 1977))).

agreement" that "*fall[s] under* the Convention." 9 U.S.C. § 205 (emphasis added);[32] *McDermott*, 944 F.2d at 1208. An arbitration agreement "falls under" the Convention if it: (1) arises out of a commercial legal relationship; (2) provides for arbitration in the territory of a Convention signatory; and (3) involves at least one non-United States citizen or concerns property located abroad, involves performance or enforcement abroad, or has a reasonable relationship with a foreign state. 9 U.S.C. § 202;[33] *see Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140, 1144-45 (5th Cir. 1985).

Shipowners is a citizen of Luxembourg, as it is organized under the laws of and has its principal place of business in Luxembourg.[34] The arbitration agreement is contained in

---

[32] Section 205 provides:
> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

Further, § 203 provides that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the Unites States," which vests federal district courts with original jurisdiction over such action. *Fred Parks, Inc. v. Total Compagnie*, 981 F.2d 1255 (5th Cir. 1992).

[33] Section 202 provides:
> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered commercial, including a transaction, contract or agreement described in section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states.

[34] Notice of removal ¶ 4.

Shipowners Rules, which govern the insurance contracts between it and its members.[35] Because Shipowners is a non-United States party to an arbitration agreement in a commercial contract and the arbitration is to take place in London, the agreement falls under the Convention.[36]

A lawsuit or action "relates to" an arbitration agreement that falls under the Convention "whenever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case." *Beiser*, 284 F.3d at 669. "[T]he phrase 'relates to' 'conveys a sense of breadth' and 'sweeps broadly.'" *Acosta*, 452 F.3d at 377 (*quoting Beiser*, 284 F.3d at 669). "As long as the defendant's assertion is not completely absurd or impossible, it is at least

---

[35] "All contracts of insurance afforded by [Shipowners] to its Members incorporate all the provisions of these Rules and any Regulations made hereunder." R. Doc. No. 1-3, notice of removal, ex. B., Shipowners Rules 2003, Rule 1.1, at 6; *see* R. Doc. No. 1-2, notice of removal, ex. A, Certificate of Entry ("The Terms and Conditions of the Insurance in respect of the said vessel . . . are those contained in the Rules of [Shipowners] . . . ."). The arbitration clause provides, in pertinent part:
> If any difference or dispute shall arise between a Member and [Shipowners] out of or in connection with these Rules or arising out of any contract between the Member and [Shipowners] or as to the rights or obligations of [Shipowners] or the Member thereunder or in connection therewith or as to any other matter whatsoever, such difference or dispute shall in the first instance be referred to and adjudicated by the Committee. . . .
> If a Member concerned in such difference or dispute does not accept the decision of the Committee following such reference or adjudication it shall be referred to the arbitration in London . . . .

R. Doc. No. 1-4, Shipowners Rule 64, at 52. The term "member" in such policies is read as the "insured." *Heinhuis v. Venture Assocs., Inc.*, 959 F.2d 551, 554 (5th Cir. 1992).

[36] Plaintiffs contend that because Shipowners disputes whether it insures any of its co-defendants, there is no valid and enforceable contract of arbitration that could "fall under" the Convention. Mem. supp. remand at 12-15. However, the Court would have to reach the merits of the dispute, *i.e.*, decide whether Shipowners insures any of its co-defendants, in order to resolve the issue plaintiffs raise. The United States Court of Appeals for the Fifth Circuit clarified that "whether a federal court has jurisdiction to decide an issue is a distinct question from how to decide that issue correctly." *Beiser*, 284 F.3d at 670. The question of whether a particular arbitration provision may ultimately be enforced or whether a particular party may be compelled to arbitrate "has the disadvantage of frontloading a merits inquiry into the district court's examination of its jurisdiction." *Id.* Therefore, "absent the rare frivolous petition for removal, as long as the defendant claims in its petition that an arbitration clause provides a defense, the district court will have the jurisdiction to decide the merits of that claim." *Id.* at 671-72.

Plaintiffs further argue that the arbitration agreement itself requires that, in order to invoke arbitration, the dispute arises between a member and Shipowners. R. Doc. No. 40, reply mem. supp. remand at 3-4. Again, this Court's determination of what the arbitration agreement requires goes to the merits of the dispute. Further, the arbitration clause provides that disputes "as to the rights or obligations of" Shipowners is subject to arbitration. Shipowners Rule 64, at 52.

conceivable that the arbitration clause will impact the disposition of the case." *Beiser*, 284 F.3d at 669, 674 ("[E]asy removal is exactly what Congress intended in § 205."); *see Warrantech Corp.*, 461 F.3d at 576 & nn.38-39.

Plaintiffs argue that Shipowners cannot utilize the § 205 removal statute because Shipowners disputes that it insures any of its co-defendants.[37] Shipowners contends that because plaintiffs' direct-action claims against it raise disputed issues of coverage, the lawsuit relates to an arbitration agreement.[38] Regardless of whether Shipowners insures any of its co-defendants, plaintiffs claims against Shipowners hinge on insurance coverage that is to be determined, according to Shipowners insurance policy, by arbitration. Therefore, within the broad meaning of § 205, the lawsuit "relates to" Shipowners arbitration agreement.

### B.     *Waiver of the Right To Remove Pursuant to § 205*

Plaintiffs further argue that Shipowners has waived its right to remove pursuant to § 205 by participating in the state court lawsuit.[39] While "Congress made it easy for defendants in state-filed Convention cases to remove to federal court, defendants may contractually waive this privilege." *McDermott*, 844 F.2d at 1209. "[*McDermott*] established a clear statement rule for waiver[] of a litigant's rights under § 205. A party may only waive his right to remove under the statute by clearly and explicitly saying so in the agreement." *Beiser*, 284 F.3d at 672; *McDermott*, 844 F.2d at 1209 ("[W]e will give effect only to explicit waivers of Convention Act

---

[37] Mem. supp. remand at 10-11.

[38] R. Doc. No. 27, Shipowners mem. opp'n to mot. to remand at 8-9.

[39] Mem. supp. remand at 15-17.

removal rights."). There is no evidence that Shipowners has explicitly waived its right to remove pursuant to the Convention Act and, therefore, Shipowners has not waived its right.[40]

### C.   Severance of Plaintiffs' Remaining Claims

Plaintiffs request that, if the Court concludes that removal was proper, the Court sever and remand state law claims.[41] Shipowners argues that, because plaintiffs' remaining claims are preempted by DOHSA, remand is improper.[42]

If a court dismisses all claims in a lawsuit that formed the basis of its original jurisdiction, the court has the discretion to remand state law claims over which it has *only* supplemental jurisdiction. 28 U.S.C. § 1367(c)(3);[43] *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000). DOHSA provides federal admiralty jurisdiction when "the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States." 46 U.S.C. § 30302; *Delgado v. Reef Resort Ltd.*, 364 F.3d 642, 646 & n.1 (5th Cir. 2004) (holding that admiralty jurisdiction existed in a tort

---

[40] Plaintiffs' contention that a party can waive its right to remove pursuant to § 205 by participating in state court litigation directly contravenes the clear time provision in § 205, which states that the defendant may remove "at any time prior to trial." 9 U.S.C. § 205; *Suter v. Munich Reinsurance Co.*, 223 F.3d 150, 162 (3d Cir. 2000) ("[W]hile participation in litigation and discovery may well be relevant to the question of whether [defendant] has waived its right to arbitrate, it is irrelevant to the question of removal under the Convention Act, which provides that a defendant may remove 'at any time before trial' and imposes no requirement that the defendant show cause for the delay.").

[41] Mem. supp. remand at 18-19. Plaintiffs cite *Celanese Corp. v. BOC Group PLC* to support their argument that any claims not related to the arbitration should be remanded. Civil Action No. 3:06-CV-1462-P, 2006 WL 3513633, at *7-8 (N.D. Tex. Dec. 6, 2006). However, that case is distinguishable for two reasons. First, the *Celanese* court examined a motion to compel in addition to a motion to remand and it had, therefore, already determined which of plaintiffs' claims were subject to the arbitration agreement. *Id.* Second, all of plaintiffs' remaining claims in *Celanese* were claims in which state law, not federal law, predominated. *Id.*

[42] Mem. opp'n remand at 19-21.

[43] Section 1367(c)(3) provides that the "district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."

action arising out of the death of a scuba diver who never surfaced after a dive). Because it appears to the Court that it has original jurisdiction pursuant to 28 U.S.C. § 1333 of the plaintiffs' claims arising out of Ostrowiecki's and Rubin's death, the Court will not remand those claims.[44]

Although L. Rubin's intentional and negligent infliction of emotional distress claims do not arise out of the death of an individual, and the Court does not, therefore, have original jurisdiction over them, the Court will not, in its discretion, remand this single claim to state court. *See Roser v. Belle of New Orleans, L.L.C.*, No. Civ.A. 03-1248, 2003 WL 22174282, at *6 (E.D. La. Sept. 12, 2003) ("Although Plaintiff has asserted one claim under Louisiana state law, . . . the Court, in its discretion, does not find that remand of this single claim to be an appropriate or efficient use of the resources of the judiciary or of the parties."). Accordingly,

**IT IS ORDERED** that the motion to remand is **DENIED**.[45]

New Orleans, Louisiana, December   6th  , 2007.

                                                   LANCE M. AFRICK
                                           UNITED STATES DISTRICT JUDGE

---

[44] If, at a later time, it is shown that plaintiffs' claims are outside the original jurisdiction of the Court, the Court can reevaluate its jurisdiction at that time.

[45] As the Court found that remand is improper in this case, it will not award plaintiffs the costs incurred as a result of the removal of this action.

11