## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TATIANA OSTROWIECKI,** *et al.* | **CIVIL ACTION** |
| **VERSUS** | **No. 07-6598** |
| **AGGRESSOR FLEET, LTD.,** *et al.* | **SECTION:  I/5** |
| c/w | |
| **SONDRA RUBIN,** *et al.* | **CIVIL ACTION** |
| **VERSUS** | **No. 07-6931** |
| **AGGRESSOR FLEET, LTD.,** *et al.* | |

## <u>ORDER AND REASONS</u>

Before the Court is a motion to strike and withdraw curator's answer and, in the alternative, for leave to file amended answer and defenses filed on behalf of defendant, Randal Wright ("Wright").[1]  Also before the Court is a motion to dismiss for lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process filed on behalf of Wright.[2]  For the following reasons, both motions are **GRANTED**.

### *BACKGROUND*

Israel Ostrowiecki ("Ostrowiecki"), Bruce Rubin ("Rubin"), and Rubin's daughter, Lilith

---

[1] R. Doc. No. 57.

[2] R. Doc. No. 58.

Rubin ("L. Rubin"),[3] were three of nineteen passengers on a ten-day cruise and recreational scuba diving expedition aboard the D/V OKEANOS AGGRESSOR ("OKEANOS").[4] Ostrowiecki, Rubin, and L. Rubin boarded the OKEANOS on May 12, 2003, at Puntarenas, Costa Rica, where the diving trip originated.[5]  Before traveling aboard a smaller vessel to the specific dive site, the divers would prepare aboard the OKEANOS for the daily dives.[6]

On May 16, 2003, Ostrowiecki, Rubin, and L. Rubin prepared for the second dive of the day and traveled from the OKEANOS to a dive site near the Cocos Islands, off the coast of Costa Rica.[7]  Ostrowiecki, Rubin, and L. Rubin were three of nine divers on this particular dive.[8]  The dive was supervised by Wright, an employee of the vessel owner, Aventuras Maritimas Okeanos, S.A. ("AMO"); Wright was employed as a dive master aboard the OKEANOS.[9]

Once the dive began, several of the divers allegedly aborted the dive early because of

---

[3] Ostrowiecki was a resident of Brazil, Rubin was a resident of New Mexico, and L. Rubin is allegedly a resident of both New Mexico and Louisiana.  R. Doc. No. 1-9, notice of removal, Ostrowiecki pet. ¶ 1; R. Doc. No. 1-9, notice of removal, Rubin second am. pet. ¶ 2; R. Doc. No. 49-5, mot. summ. j., ex. C, L. Rubin dep. at 9-12.

[4] Ostrowiecki pet. ¶¶ 12, 15; Rubin second am. pet. ¶¶ 2, 13.  The OKEANOS is owned and operated by Aventuras Maritimas Okeanos, S.A. ("AMO"), which is a Costa Rican corporation with its principal place of business and headquarters in San Jose, Costa Rica.  R. Doc. No. 74-3, AMO mot. to dismiss, ex. A, Randall Martinez Chinchilla aff. ¶¶ 3, 9; R. Doc. No. 74-3, AMO mot. dismiss, ex. A, Chinchilla second aff. ¶ 2.  At the time of this cruise, AMO was a franchisee of Aggressor Fleet Franchising, Inc. ("AFFI"), the franchisor for the Aggressor fleet; AFFI is a Louisiana corporation.  Chinchilla aff. ¶ 11; Ostrowiecki pet. ¶ 5.  AFFI assists in marketing cruises onboard the OKEANOS for diving off the coast of Costa Rica; AFFI also promulgates and enforces standards for the operation of OKEANOS cruises off the Costa Rican coast.  Chinchilla aff. ¶ 11.  Aggressor Fleet, Ltd. ("AFL"), also a Louisiana corporation, is the booking agent for scuba diving trips aboard vessels operating as Aggressor fleet franchisees, including the OKEANOS.  Ostrowiecki pet. ¶ 4.

[5] Ostrowiecki pet. ¶¶ 13, 14; Rubin second am. pet. ¶¶ 14, 17.

[6] Ostrowiecki pet. ¶ 14; Rubin second am. pet. ¶ 17.

[7] Ostrowiecki pet. ¶¶ 11, 15; Rubin second am. pet. ¶¶ 12, 19.

[8] Ostrowiecki pet. ¶ 15; Rubin second am. pet. ¶ 19.

[9] R. Doc. No. 1-9, notice of removal, Ostrowiecki second am. pet.

turbulent diving conditions.[10]  Fifty minutes after the dive began, seven of the nine divers,

including L. Rubin, returned to the vessel.[11]  The vessel searched for forty-five minutes for the

remaining divers, Ostrowiecki and Rubin, but to no avail.[12]  Ostrowiecki and Rubin disappeared

at sea during this dive.[13]

On November 5, 2003, the Ostrowiecki plaintiffs filed their petition in Orleans Parish

Civil District Court against Aggressor Fleet, Ltd. ("AFL"), Aggressor Fleet Franchising, Inc.

("AFFI"), Aggressors International, Ltd. ("AIL"),[14] AMO, Wayne Hasson ("Hasson"),[15] Randall

Martinez Chinchilla ("Chinchilla"),[16] and XYZ Insurer.[17]  Two days later, the Rubin plaintiffs

also filed their petition in Orleans Parish Civil District Court against the same seven

defendants.[18]

The Ostrowiecki and Rubin plaintiffs sought damages for defendants' negligence, breach

---

[10] Ostrowiecki pet. ¶¶ 18-19; Rubin second am. pet. ¶ 22.

[11] Ostrowiecki pet. ¶ 20; Rubin second am. pet. ¶ 23.

[12] Ostrowiecki pet. ¶¶ 20-23; Rubin second am. pet. ¶¶ 23-26.

[13] Ostrowiecki pet. ¶¶ 11, 27; Rubin second am. pet. ¶¶ 12, 31.

[14] AIL allegedly assists in marketing for Aggressor Fleet franchisees, including the OKEANOS. Ostrowiecki pet. ¶ 6.  AIL was dismissed as a defendant from the lawsuit when the Louisiana Fourth Circuit Court of Appeals granted AIL's writ application with respect to personal jurisdiction.  R. Doc. No. 24-2, mem. supp. of joint mot. to remand at 7 n.4.

[15] Hasson is allegedly an owner of AIL and the Aggressor Fleet franchise "Operations Manager Captain" for all of the Aggressor fleet vessels, including the OKEANOS.  Ostrowiecki pet. ¶ 8.  Hasson is allegedly a resident of Florida and/or the Cayman Islands.  *Id.*

[16] Chinchilla is the president and a shareholder of AMO and a Costa Rican citizen.  Ostrowiecki pet. ¶ 9; Chinchilla aff. ¶ 2.  On May 30, 2008, the Court granted Chinchilla's motion to dismiss for lack of personal jurisdiction and dismissed all plaintiffs' claims against him.  R. Doc. No. 239.

[17] *Id.*

[18] *Rubin v. Aggressor Fleet, Ltd.*, Civil Action No. 07-6931, R. Doc. No. 1-6, notice of removal, ex. C, Rubin pet. (E.D. La. Oct. 9, 2007).

of contract, and misrepresentations.[19]  The Rubin plaintiffs also alleged intentional and negligent

infliction of emotional distress.[20]

On May 6, 2004, the Ostrowiecki plaintiffs amended their petition to add Wright as a

defendant.[21]  On July 27, 2004, plaintiffs filed an ex parte motion for the appointment of an

attorney for Wright.[22]  The Orleans Parish Civil District Court granted, pursuant to La. Code

Civil Proc. Ann. art. 5091, plaintiffs' motion and, on July 29, 2004, appointed George Perez

("Perez") as curator ad hoc to represent Wright.[23]  On August 17, 2004, Perez filed an answer to

plaintiffs' petition, asserting a general denial of plaintiffs' allegations.[24]

---

[19] Ostrowiecki pet. ¶¶ 34-51; Rubin second am. pet. ¶¶ 39-61.

[20] Rubin second am. pet. ¶¶ 54-57.  On December 4, 2003, defendants removed the cases to this Court, claiming that the Death on the High Seas Act ("DOHSA") provided "the exclusive remedy for any person claiming damages as the result of death occurring on the high seas."  *Rubin v. Aggressor Fleet Ltd.*, Civil Action No. 03-3408, R. Doc. No. 1, notice of removal ¶ 5 (E.D. La. Dec. 4, 2003); *Ostrowiecki v. Aggressor Fleet Ltd.*, Civil Action No. 03-3409, R. Doc. No. 1, notice of removal ¶ 5 (E.D. La. Dec. 4, 2003).  The Ostrowiecki and Rubin plaintiffs filed a joint motion to remand, which the Court granted.
On June 17, 2004, the two lawsuits were consolidated by the Orleans Parish Civil District Court. *Ostrowiecki v. Aggressor Fleet, Ltd.*, Civil Action No. 2003-16697 (Orleans Parish Civ. Dist. Ct. June 17, 2004). On April 7, 2006, plaintiffs amended their joint petition to add three insurers, Certain Underwriters at Lloyds, London ("Lloyds"), Travelers Property Casualty Corporation ("Travelers"), and Shipowners' Mutual Protection and Indemnity Association (Luxembourg) ("Shipowners").  R. Doc. No. 24-4, joint mot. remand, ex. C, joint fourth am. pet.  Lloyds provided underwater liability insurance to defendants Wright, AFL, AFFI, Hasson, and AMO. Travelers provided general commercial liability insurance to defendants AFL and Hasson.  Shipowners is a mutual marine protection and indemnity (P&I) association organized under the laws of Luxembourg with its managing agent in London, England.  R. Doc. No. 49-7, Shipowners mot., ex. E, Simon Swallow aff. ¶ 6.  On May 20, 2008, this Court granted Shipowners' motion for summary judgment and dismissed all of plaintiffs' claims against it.  R. Doc. No. 232.
The plaintiffs amended their joint petition again on July 23, 2007, adding an alternative claim pursuant to DOHSA, 46 U.S.C. §§ 30301-30308 (2006).  Notice of removal, ex. C, joint fifth am. pet.  On October 9, 2007, Shipowners removed.  *See Ostrowiecki v. Aggressor Fleet, Ltd.*, Civil Action No. 07-6598, R. Doc. No. 1; *Rubin v. Aggressor Fleet, Ltd.*, Civil Action No. 07-6931, R. Doc. No. 1.  On December 12, 2007, this Court denied the plaintiffs' motion to remand.  R. Doc. No. 44.

[21] Ostrowiecki second am. pet.

[22] R. Doc. No. 58-4, Wright mot. dismiss, ex. 2, pls. ex parte motion to appoint curator.

[23] R. Doc. No. 58-5, Wright mot. dismiss, ex. 3, order appointing curator.

[24] R. Doc. No. 58-6, Wright mot. dismiss, ex. 4, curator's answer.

On December 6, 2006, counsel for AFFI, AFL, and Hasson received instructions to represent Wright in place of Perez.[25]  On April 17, 2007, newly retained counsel filed an ex parte motion to substitute as counsel for Wright.[26]  On May 1, 2007, a motion to withdraw the curator's answer and to file responsive pleadings was filed by Wright's new counsel.[27]  On September 13, 2007, the Orleans Parish Civil District Court denied Wright's motion to withdraw the appointed attorney's answer.[28]  In its reasons for judgment, the state district court determined that the facts of this case closely resemble those presented in *Chatoney v. Safeway Insurance Co.*, 801 So. 2d 448 (La. Ct. App. 2001), and it adopted the reasoning of that decision.[29]  A notice of intention to apply for a supervisory writ was filed by Wright; however, the above-captioned cases were removed to this Court prior to the deadline for filing the writ application.

Wright, subsequent to removal, filed this motion to strike and withdraw the curator's answer and, in the alternative, for leave to amend his answer and defenses in this Court.  Wright argues that the Court should grant this motion to allow him to assert defenses based upon lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process.[30]  Wright further contends that, if the Court allows Wright to amend his answer to assert these defenses, Wright should be dismissed because Wright has insufficient contacts with Louisiana to subject

---

[25] R. Doc. No. 91-6, Wright reply, ex. 5, e-mail from Patricia A. Krebs, King, Krebs & Jurgens, P.L.L.C., to Jennifer L. Thornton, Stanley, Flanagan & Reuter, L.L.C. (Dec. 4, 2006); R. Doc. No. 91-11, Wright reply, ex. 10, e-mail from Patricia A. Krebs (Dec. 6, 2006).

[26] R. Doc. No. 1-9, notice of removal, ex parte mot. to substitute; R. Doc. No. 1-9, notice of removal, notice of appointment.

[27] R. Doc. No. 58-9, Wright mot. dismiss, ex. 7, mot. to withdraw.

[28] R. Doc. No. 58-10, Wright mot. dismiss, ex. 8, order denying mot. to withdraw.

[29] *Id.*

[30] R. Doc. No. 57-2, Wright mem. supp. mot. to withdraw at 2-4.

him to a lawsuit in this forum.[31]  Wright also alleges that he was improperly served through his

curator instead of pursuant to the Hague Convention.[32]

Plaintiffs first argue that this Court should not disturb the state court's ruling with respect

to the motion to withdraw the curator's answer and file responsive pleadings.[33]  In the event the

Court decides to revisit the state court's decision, plaintiffs contend that a waiver in state court

waives Wright's objections in federal court.[34]  Plaintiffs allege that Wright's objections to

personal jurisdiction and insufficiency of process and service of process were waived by:  (1) the

answer filed by Wright's appointed attorney which did not assert a personal jurisdiction

defense;[35] (2) Wright's and Wright's counsel's conduct, *i.e.*, Wright being deposed and Wright's

---

[31] R. Doc. No. 58-2, Wright mem. supp. mot. to dismiss at 6-11.

[32] *Id.* at 11-16.  In this respect, Wright alleges that "to the extent no process in conformity with the Hague Convention was served, Wright also asserts insufficiency of process."  *Id.* at 11.

[33] R. Doc. No. 81, pls. mem. opp'n at 8-9, 16-17.  Concerning this argument, this Court is free to consider the merits of Wright's motions, despite the fact that "the motion[s] encompass many of the arguments rejected by the state trial court."  *See Louisiana v. Guidry*, 489 F.3d 692, 697 (5th Cir. 2007).
   "[A] trial court's denial of a peremptory exception is an interlocutory judgment, subject to reconsideration by that court."  *Guidry*, 489 F.3d at 697; *VaSalle v. Wal-Mart Stores, Inc.*, 801 So. 2d 331, 334-35 (La. 2001).  Upon removal of a case, "interlocutory state court orders are transformed by operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is removed.  The district court is thereupon free to treat the order as it would any such interlocutory order it might itself have entered."  *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1988).  A district court is not precluded from reconsidering previous rulings on interlocutory orders, even in the absence of new evidence or an intervening change in the substantive law.  *United States v. Palmer*, 122 F.3d 215, 220 (5th Cir. 1997); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, 37 F.3d 1069 (5th Cir. 1994).

[34] Pls. mem. opp'n at 13-16.  The Court agrees.  Wright may assert any defense that would have been available in state court and that was not lost through the operation of Federal Rule of Civil Procedure 12(g) or 12(h). *See Nationwide Eng'g & Control Sys., Inc. v. Thomas*, 837 F.2d 345, 347-48 (8th Cir. 1988) (holding that because the federal court takes up the case where the state court left off, defendants waived their right to contest personal jurisdiction in federal court by failing to object to the jurisdiction of the state court).  However, as will be discussed, the Court does not find that Wright waived his defenses in state court.  Therefore, such an analysis is unnecessary to the Court's resolution of these motions.

[35] Pls. mem. opp'n at 9-11.

counsel's participation in a pretrial conference;[36] (3) the untimely filing of the objections by

Wright's newly retained counsel;[37] and (4) the forum selection provision contained in

Ostrowiecki's and Rubin's Aggressor fleet applications.[38]  Lastly, plaintiffs allege that, even if

Wright did not waive his jurisdictional defenses, the Court has specific personal jurisdiction over

Wright because telephone conversations between Wright and Hasson partially gave rise to

plaintiffs' claims.[39]


*LAW AND ANALYSIS*

**I.**     **Motion To Strike and Withdraw Curator's Answer and, in the Alternative, for**

**Leave To File Amended Answer and Defenses**

Wright's appointed attorney filed an answer on his behalf without filing any

jurisdictional objections.[40]  Under Louisiana law, this would ordinarily waive any personal

---

[36] *Id.* at 11-13.

[37] *Id.* at 17-19.

[38] *Id.* at 20-22.

[39] *Id.* at 22-25.  Plaintiffs also ask the Court to permit further discovery regarding personal jurisdiction before deciding whether specific personal jurisdiction over Wright exists.  However, it does not appear to the Court that, at the time of Wright's deposition, plaintiffs were unaware that Wright's newly retained counsel intended to assert a personal jurisdiction defense on Wright's behalf.  R. Doc. No. 91-10, Wright reply, ex. 9-10, e-mail from Jennifer L. Thornton, Stanley, Flanagan & Reuter, L.L.C., to Patricia A. Krebs, King, Krebs & Jurgens, P.L.L.C. (Dec. 4, 2006) ("If you accept service of the petitions on [Wright's] behalf and bring him here on Friday for his deposition, we will agree that neither service on you nor his coming to NO for the depo constitutes waiver of any exception he may otherwise assert, including pj.").  The Court also does not find that plaintiffs were limited in the subject matter about which they could depose Wright.

[40] The attorney was appointed by the state district court pursuant to La. Code Civ. Proc. Ann. article 5091 which provides in pertinent part:
          The court shall appoint an attorney at law to represent the defendant, on
     the petition or ex parte written motion of the plaintiff, when:
          (1) It has jurisdiction over the person or property of the defendant, or over

jurisdiction objections the party may later seek to assert.  La. Code Civ. Proc. Ann. art. 6(A)

(1999);[41] *id.* art. 925 (2005);[42] *id.* art. 928.[43]  However, "[a]n attorney appointed to represent a

defendant may waive citation and accept service of process, but may not waive any defense."

La. Code Civ. Proc. Ann. art. 5093 (1998); *Douglas v. Douglas*, 528 So. 2d 699, 704-05 (La. Ct.

App. 1988); *In re RMK*, 499 So. 2d 190, 194 (La. Ct. App. 1986).  Therefore, the appointed

attorney's answer did not waive Wright's jurisdictional objections.

---

the status involved, and the defendant is:
> (a) A nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has not waived objection to jurisdiction.

La. Code Civ. Proc. Ann. art. 5091 (1998).

[41] Article 6(A) provides in pertinent part:
> Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding.  The exercise of jurisdiction requires:
> . . . .
> (3) The submission of the party to the jurisdiction of the court by commencing an action or by the waiver of objection to jurisdiction by failure to timely file the declinatory exception.

[42] Article 925 provides in pertinent part:
> A.  The objections which may be raised through declinatory exception include but are not limited to the following:
> . . . .
> (2) Insufficiency of service of process, including failure to request service of citation on the defendant within the time prescribed by Article 1201(C).
> . . . .
> (5) The court's lack of jurisdiction over the person of the defendant.
> . . . .
> C.  All objections which may be raised through the declinatory exception, except the court's lack of jurisdiction over the subject matter of the action, are waived unless pleaded therein.

[43] Article 928(A) provides in pertinent part:
> The declinatory exception . . . shall be pleaded prior to or in the answer and, prior to or along with the filing of any pleading seeking relief other than entry or removal of the name of an attorney as counsel of record, extension of time within which to plead, security for costs, or dissolution of an attachment issued on the ground of the nonresidence of the defendant, and in any event, prior to the confirmation of a default judgment.

-8-

Plaintiffs rely upon *Chatoney* to support their contention that Wright's appointed attorney could, and did, waive Wright's jurisdictional objections.  807 So. 2d 448.  In *Chatoney*, the Louisiana Third Circuit Court of Appeal held that a personal jurisdiction exception, filed by the curator immediately prior to the commencement of trial and after the curator filed an answer and amended answer, was untimely.  *Id.* at 452.  In this case, newly retained defense counsel, not Wright's curator, is seeking to file Wright's exceptions to jurisdiction.  The *Chatoney* court merely held that a *curator's* previous answer and amended answer precluded the *curator* from later filing defenses that could have been filed by the curator prior to the answer being filed.  *Id.* Moreover, the *Chatoney* court did not address La. Code Civ. Proc. art. 5093, which, as mentioned, specifically states that an appointed attorney cannot waive a defendant's defenses.

Therefore, notwithstanding *Chatoney*, the Court finds that the appointed attorney did not waive Wright's objections to personal jurisdiction.  The Louisiana Supreme Court has noted that a defendant represented by an appointed attorney may move to strike an answer filed by that attorney.  *See Consol. Res., Inc. v. Siess*, 613 So. 2d 163, 164 (La. 1993).[44]  Because the

---

[44] In addition to the inability of Wright's appointed attorney to waive his defenses, it is unclear whether plaintiffs complied with the service requirement of Louisiana's long-arm statute.  Service of process on nonresident defendants under Louisiana law must comply with La. Rev. Stat. Ann. § 13:3204, which provides in pertinent part:

> If service of process cannot be made on the nonresident by registered or certified mail or by actual delivery, the court shall order that service of process be made on an attorney at law appointed to represent the defendant pursuant to Code of Civil Procedure Article 5091.

La. Rev. Stat. Ann. § 13:3204(B) (2006); *see Corte v. Cash Techs., Inc.*, 843 So. 2d 1162, 1165 (La. Ct. App. 2003) (*citing Clay v. Clay*, 389 So. 2d 31, 37 (La. 1980)).

"When service does not comply with § 3204, personal jurisdiction over a non-resident defendant does not attach."  *McFarland v. Dippel*, 756 So. 2d 618, 622 (La. Ct. App. 2000).  Personal jurisdiction over a nonresident defendant is "dependent on strict compliance with the long-arm statute's procedural requirements."  *Collier v. Fugler*, 694 So. 2d 553, 555 (La. Ct. App. 1997); *Barnett Marine, Inc. v. Van Den Adel*, 694 So. 2d 453, 457 (La. Ct. App. 1997).  Pursuant to § 13:3204(B), appointment of an attorney is only appropriate "if service of process cannot be made on the nonresident by registered or certified mail or by actual delivery."  *Rando v. Rando*, 722 So. 2d 1165, 1168 (La. Ct. App. 1999); *see Buckner v. Luke Records Inc.*, Civil Action No. 05-3655, 2007 WL 2284544 (E.D. La. Aug. 2, 2007) (Zainey, J.) (*citing Rando* and denying a motion to appoint an attorney for a nonresident defendant).

appointed attorney could not waive Wright's defenses and because Louisiana law allows a

defendant to strike a curator's answer, the Court will allow Wright to strike the attorney's

previously filed answer and assert his jurisdictional defenses.[45]

## II.   Motion To Dismiss for Lack of Personal Jurisdiction, Insufficiency of Process, and Insufficiency of Service of Process

A.   *Waiver Due to Wright's and Wright's Counsel's Conduct*

La. Code Civ. Proc. Ann. article 6 provides that a party can submit to the jurisdiction of

the court in one of two ways:  (1) by commencing an action and (2) by failing to timely file a

declinatory objection to the exercise of jurisdiction.  *See Alonso v. Line*, 846 So. 2d 745, 749

(La. 2003).  In order for a declinatory exception, such as lack of personal jurisdiction and

insufficiency of process and service of process, to be filed timely, the exception must be filed

prior to or in the answer or prior to or in the filing of any pleading seeking relief.  La. Code Civ.

Proc. Ann. art. 928; *Short v. Short*, 912 So. 2d 82, 86 (La. Ct. App. 2005).  If the objection is not

timely filed, it is waived.  La. Code Civ. Proc. Ann. 925; *Short*, 912 So. 2d at 86.

The only answer filed on behalf of Wright was filed by his appointed attorney.  The

Court has decided to grant Wright's motion to strike that answer and to allow Wright to file an

---

"The plaintiff has the burden to prove that the court's assertion of personal jurisdiction over the non-resident defendant is appropriate."  *Mayo v. Tillman Aero, Inc.*, 640 So.2d 314, 319 (La. Ct. App. 1994).  Plaintiffs have provided the Court with no evidence that they attempted to serve Wright by registered or certified mail and the Court has been unable to find any authority to support the proposition that plaintiffs' inability to obtain Wright's mailing address relieves them of strictly complying with Louisiana's long-arm service provision.

[45] The Court need not address Wright's alternative argument seeking leave to file an amended answer pursuant to Federal Rule of Civil Procedure 15 because it finds that Wright may strike the appointed attorney's answer and assert his jurisdictional defenses.

amended answer that asserts his jurisdictional objections.  Therefore, Wright's defenses were timely filed.

Plaintiffs argue that, even if the defenses were filed prior to or in Wright's answer, the conduct of Wright and his counsel waived Wright's objections.  However, under Louisiana law, a general appearance by a defendant or by defendant's counsel is not a waiver of jurisdictional objections.  In 1997, the Louisiana Legislature repealed article 7 of the Code of Civil Procedure which provided that a party's general appearance constituted a waiver of that party's objections to jurisdiction.  1997 La. Acts No. 578 § 5; *see Short*, 912 So. 2d at 86.

In support of their argument, plaintiffs rely on several cases decided prior to 1997.  *See Norwood v. Craig*, 658 So. 2d 212, 214 (La. Ct. App. 1995); *Stewart v. Carter*, 634 So. 2d 1226, 1229 (La. Ct. App. 1994); *Bickham v. Sub Sea Int'l, Inc.*, 617 So. 2d 483, 484 (La. 1993).  These pre-1997 cases relied upon the repealed article and they are, therefore, inapplicable in this case.

Plaintiffs also rely on *Hebert v. Anco Insulation, Inc.*, 835 So. 2d 483, 488 (La. Ct. App. 2002).  *Hebert* is not instructive because it relies upon the Louisiana Supreme Court's decision in *Bickham* which was decided prior to article 7 being repealed.  The *Hebert* court uses the "general appearance" language that is no longer a part of Louisiana law.  Furthermore, the court in *Hebert* merely stated that the filing of a motion for summary judgment would have waived declinatory exceptions that had not been previously filed.  Article 928 specifically provides that a declinatory exception should be filed prior to filing a pleading seeking relief.  However, Wright filed no such pleading seeking relief.

None of the cases cited by plaintiffs are applicable.[46]  Therefore, Wright timely filed his jurisdictional objections in his answer and he did not waive these defenses by his or his counsel's conduct.

B.      *Waiver Due to Untimely Filing of Objections by Retained Counsel*

Relying on *Broadcast Music, Inc. v. M.T.S. Enterprises, Inc.*, plaintiffs argue that Wright's personal jurisdiction objections were untimely filed even after Wright's newly retained counsel was obtained.  811 F.2d 278 (5th Cir. 1987).  Plaintiffs contend that, because Wright's counsel has been involved in the lawsuit since 2003, the objections were untimely.  However, *Broadcast* is distinguishable from this case.

In *Broadcast*, the plaintiff moved to serve two shareholders of a defendant corporation; the corporation was represented in the lawsuit by a relative of the two shareholders.  *Id.* at 280.  The corporation's counsel attended a conference and engaged in negotiating a settlement on behalf of the two shareholders, in addition to the defendant corporation.  *Id.*  It was only during appeal from the motion for entry of default judgment that the shareholders asserted that the judgment entered against them was void for lack of personal jurisdiction.  *Id.*  After deciding that the shareholder defendants had waived their objections to personal jurisdiction by untimely raising the defenses, the United States Court of Appeals for the Fifth Circuit stated its rationale:

> The Federal Rules do not in any way suggest that a defendant
> may halfway appear in a case, giving plaintiff and the court the

---

[46] Plaintiffs also rely on *Sam v. Feast*, 802 So. 2d 680, 683-64 (La. Ct. App. 2001), which merely states that an answer filed prior to the filing of declinatory exception waives the exception.

> impression that he has been served, and, at the appropriate time, pull
> failure of service out of the hat like a rabbit in order to escape default
> judgment.  To countenance this train of events would elevate formality
> over substance and would lead plaintiffs to waste time, money, and
> judicial resources pursuing a cause of action.

*Id.* at 281.

There is no evidence in this case that counsel, prior to being retained as counsel for
Wright, led this Court, the state court, or plaintiffs to believe that she was representing Wright in
addition to the other defendants she represents.  Counsel was not retained to represent Wright
until December, 2006, and counsel was not substituted as counsel for Wright until April, 2007.
The motion to strike or withdraw the curator's answer was filed in May, 2007.  Counsel did not
represent Wright throughout the entirety of the state court proceedings only to reveal personal
jurisdiction objections in federal court.  Wright's counsel was not obligated to file objections on
his behalf prior to being retained and substituted as his counsel.  Therefore, the Court finds that
Wright did not untimely file his objections.

C.      *Waiver Due to Ostrowiecki's and Rubin's Aggressor Fleet Applications*

Plaintiffs argue that, because a provision in the Aggressor fleet applications signed by
Ostrowiecki and Rubin provides that the "Released Parties" include AFL, AFFI, AFFI's
franchisees, the Vessel, the Vessel Owners, charterers and operators of the vessel, and their
officers, directors, shareholders, agents, employees and affiliated companies, the jurisdictional
provision applies to Wright, who was an employee of the vessel owner.

The applications provide:

> JURISDICTION AND APPLICABLE LAW:   All claims
> against Aggressor Fleet, Ltd. arising under, in connection with, or

> incident to this agreement shall be determined according to the laws
> of Louisiana and shall be adjudicated in the courts of Louisiana, to
> the exclusion of the courts of any other state or country.[47]

"[T]he interpretation of an unambiguous contract is an issue of law for the court." *Amoco Prod. Co. v. Tex. Meridian Res. Exploration Inc.,* 180 F.3d 664, 668 (5th Cir. 1999). If the contract is unambiguous, the plain terms of the agreement govern. *Tubos de Acero de Mex., S.A. v. Am. Int'l Inv. Corp.,* 292 F.3d 471, 486-87 (5th Cir. 2002); *see* La. Civ. Code Ann. art. 2046 (2008) ("When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."). "In addition, a contract provision is not ambiguous where only one of two competing interpretations is reasonable or merely because one party can create a dispute in hindsight." *Tex. E. Transmission Corp. v. Amerada Hess Corp.,* 145 F.3d 737, 741 (5th Cir. 1998).

The plain and unambiguous language of the applications provides that the jurisdictional provision shall apply to all claims against AFL, not to all claims against the "Released Parties." Therefore, the provision in these applications is inapplicable against Wright and does not waive his jurisdictional objections.

D.      *Lack of Personal Jurisdiction*

In the context of a motion filed pursuant to Rule 12(b)(2), a plaintiff must establish a court's personal jurisdiction over the defendant. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). When considering such a motion, the court must accept as true "[t]he allegations of the

---

[47] R. Doc. No. 58-14, Wright mot. dismiss, ex. 12, Ostrowiecki Aggressor fleet application; R. Doc. No. 58-13, Wright mot. dismiss, ex. 11, Rubin Aggressor fleet application.

complaint, except insofar as controverted by opposing affidavits." *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985) (*citing DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1270-71 (5th Cir. 1983)). Further, "all conflicts in the facts must be resolved in favor of the plaintiff for purposes of determining whether a prima facie case for personal jurisdiction has been established." *Id.*

"A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993).

With respect to the first prong, this Court must apply Louisiana's long-arm statute, La. Rev. Stat. Ann. § 13:3201, because a nonresident defendant is subject to the personal jurisdiction of a federal court sitting in diversity in Louisiana to the same extent that the defendant would be amenable to the jurisdiction of a Louisiana court. *See Trinity Indus., Inc. v. Myers & Assocs., Ltd.*, 41 F.3d 229, 230 (5th Cir. 1995). However, because Louisiana's long-arm statute extends to the limits of due process, this Court need only determine if subjecting Wright to suit in the forum would offend the Due Process Clause of the Fourteenth Amendment. *See* La. Rev. Stat. Ann. § 13:3201(B);[48] *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999); *Petrol. Helicopters, Inc. v. Avco Corp.*, 513 So. 2d 1188, 1190-91 (La. 1987).

"The Due Process Clause protects an individual's liberty interest in not being subject to

---

[48] Louisiana's personal jurisdiction statute states, in pertinent part, that "a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States." La. Rev. Stat. Ann. § 13:3201(B).

the binding judgments of a forum with which the individual has established no meaningful 'contacts, ties, or relations.'"  *Dickson Marine*, 179 F.3d at 336 (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528, 540 (1985)).  The due process analysis is also two-pronged.

First, the defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95, 102 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 342-43, 85 L. Ed. 278, 283 (1940)).  The minimum contacts inquiry for personal jurisdiction may be subdividied into two categories:  general jurisdiction and specific jurisdiction.[49]  *Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996).

Second, it must be reasonable to require the nonresident to defend the lawsuit in the forum state.  *See Burger King*, 471 U.S. at 476-78, 105 S. Ct. at 2184-85, 85 L. Ed. 2d at 543-44.  Under the reasonableness prong, "[a] court must consider the burden on the defendant, the interests of the forum State, . . . the plaintiff's interest in obtaining relief[,] . . . 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies[,] and the shared interest of the several States in furthering fundamental substantive social policies.'"

---

[49] General jurisdiction exists when a defendant's contacts with the forum state are not related to the cause of action, but are continuous and systematic.  *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999); *see Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 217 (5th Cir. 2000) (stating that in order to show contacts unrelated to the litigation are sufficient to satisfy due process, the contacts must be substantial, continuous, and systematic).  "If a defendant has sufficient 'continuous and systematic' general contacts with the state, the forum may exercise general personal jurisdiction over the defendant for a 'cause of action [that] does not arise out of or relate to the [defendant's] activities in the forum state.'"  *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 624 (5th Cir. 1999) (*quoting Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872, 80 L. Ed. 2d 404, 411 (1984)) (citation omitted).  Plaintiffs do not argue that general jurisdiction exists in this case.

*Asahi Metal Indus. Co. v. Super. Ct.*, 480 U.S. 102, 113, 107 S. Ct. 1026, 1033, 94 L. Ed. 2d 92,

105 (1987) (*quoting World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S. Ct.

559, 564, 62 L. Ed. 2d 490, 498 (1980)).


*Specific Personal Jurisdiction*

"Specific jurisdiction applies when a nonresident defendant 'has purposefully directed its

activities at the forum state and the litigation results from alleged injuries that arise out of or

relate to those activities.'" *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d

235, 243 (5th Cir. 2008) (*quoting Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253

F.3d 865, 867 (5th Cir. 2001)). "The 'minimum contacts' prong, for specific jurisdiction

purposes, is satisfied by actions, or even just a single act, by which the non-resident defendant

'purposefully avails itself of the privilege of conducting activities within the forum state, thus

invoking the benefits and protections of its laws.'" *Ruston Gas*, 9 F.3d at 419 (*quoting Burger

King*, 471 U.S. at 475, 105 S. Ct. at 2183, 85 L. Ed. 2d at 542). Purposeful availment "must be

such that the defendant 'should reasonably anticipate being haled into court' in the forum state."

*Id.* (*quoting World-Wide Volkswagen*, 444 U.S. at 297, 100 S. Ct. at 567, 62 L. Ed. 2d at 501).

Plaintiffs argue that, on the basis of telephone calls made between Wright and Hasson on

the days following Ostrowiecki's and Rubin's disappearance, the Court may exercise specific

personal jurisdiction over Wright because the telephone calls partially gave rise to the Rubin

plaintiffs' intentional and negligent infliction of emotional distress claims. Specifically, Hasson

received two calls to his cellular telephone from the OKEANOS on May 16 and 17, 2003, which

Hasson claims must have been made by Wright.[50]

Hasson, allegedly a resident of Florida and/or the Cayman Islands, was in Louisiana when he received the subject telephone calls from Wright.[51]  Hasson stated that Wright was contacting him because, after the disappearance of Ostrowiecki and Rubin, he told Wright to call him and keep him informed about the situation on the OKEANOS.[52]  Wright was informed during one of these conversations that the diving trip was to continue:

> Q. How was [the decision to continue the diving trip] arrived at?
>
> A. I spoke to–let's see.  I spoke to [Hasson] on the phone and he said that he had spoken to [Chinchilla] and that they had decided it would be best if the boat stayed there in case the people who were searching, the Coast Guard was searching, we would be in a position to possibly help out during the search, and that's what I was told and that's what I communicated to the guests, that a decision had been made to remain on the island.
>
> Q.  So–I'm sorry.  That was [Hasson] or [Chinchilla] who made that decision?
>
> A.  I don't know who made that decision.
>
> Q.  Who told you that the diving should continue?
>
> A.  [Hasson] told me that [Chinchilla] had decided–someone had decided, I guess [Chinchilla] had decided to continue.[53]

The Court must determine whether Wright's telephone conversations with Hasson while

---

[50] R. Doc. No. 81-4, pls. opp'n, ex. D, Hasson dep. at 388-90.

[51] *Id.* at 393.

[52] *Id.* at 390.  Hasson stated:
> Q.  Why is [Wright] the only person who could have called you?
> A.  Well, because he was controlling.  He was the dive master/instructor onboard and would have been controlling or dealing with the situation.  And I would have told him to call me and keep me abreast of what was going on.

[53] 81-5, ex. G, Wright dep. at 165.

Hasson was in Louisiana are sufficient evidence that Wright purposefully directed his activities at Louisiana.  Telephone conversations with the forum state can be sufficient evidence of minimum contacts to confer specific personal jurisdiction over a defendant.  *See Lewis v. Fresne*, 252 F.3d 352, 358-59 (5th Cir. 2001); *Wein Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 212 (5th Cir. 1999).[54]

During one of Wright's telephone calls to Hasson, Hasson informed Wright of Chinchilla's decision to continue the diving trip.  However, there is no evidence that Wright, during this phone call, was purposefully availing himself of "the privilege of causing a consequence" in the forum.  *See Brandt*, 195 F.3d at 213.  First, Chinchilla, not Wright, made the decision to continue the diving trip, which is the decision that allegedly harmed plaintiffs.[55]  Second, any harm caused to plaintiffs was not a consequence felt in the forum, but outside of it.

The communications to Hasson, who is allegedly a resident of Florida and/or the Cayman Islands, but who was in Louisiana at the time of the calls, "rest[s] on nothing but 'the mere fortuity that'" Hasson happened to be located in the forum at the time.  *See Holt Oil & Gas Corp.*

---

[54] In *Lewis*, the defendants participated in a telephone conversation "designed to convince" plaintiff, a forum resident, to make a loan.  252 F.3d at 358.  One of the defendants, during that conversation, failed to correct false statements made by the other defendant.  *Id.*  Furthermore, the defendants sent stock certificates and security agreements containing fraudulent misstatements to the plaintiff in the forum state.  *Id.*  The Fifth Circuit held that minimum contacts existed because the "actual content" of the communications gave rise to the cause of action and showed purposeful availment of the benefits and protections of the forum state's law.

Similarly, in *Brandt*, the defendant performed several tortious actions outside of the forum state directed toward the plaintiff in the forum state.  195 F.3d at 212.  The communications with the plaintiff contained fraudulent misrepresentations that formed the basis of the lawsuit.  *Id.*  The Fifth Circuit found that, because the actual content of the communications gave rise to the cause of action, the defendant had purposefully availed himself of the privilege of causing a consequence in the forum state.  *Id.* at 213.

[55] Chinchilla stated:

A.  Well, I talked to [Hasson].  People was asking if they were going to continue diving because that was the second day or the third day.  And the suggestion that [Hassson] gave to me was to allow them to continue the dive.  And so I told the captain that they can continue diving.

R. Doc. No. 91-15, Wright reply, ex. 14, Chinchilla dep. at 98.

*v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986) (*quoting Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985); *Clark v. Am.'s Favorite Chicken Co.*, 908 F. Supp. 390, 396-98 (E.D. La. 1995).  The telephone conversations at issue were even more attenuated than the communications in *Holt Oil*.  In that case, the communications to the plaintiff, a resident of the forum, in the course of developing and carrying out a contract, were insufficient to constitute purposeful availment of the benefits and protections of the forum's law.  In this case, the conversations were between two defendants (not a defendant and a plaintiff), and the person receiving the call in the forum is not a resident of the forum, but just happened to be in Louisiana at the time.  In fact, it appears that Wright attempted to call Hasson in Florida and, only when he could not reach him, called Hasson's cellular phone.[56]  Therefore, the only reason that Wright's calls were received in Louisiana, not Florida, because of Hasson's temporary presence in the forum state.

Wright has insufficient minimum contacts with Louisiana to subject him to the jurisdiction of this Court.[57]  *See Aviles v. Kunkle*, 978 F.2d 201, 205 (5th Cir. 1992) (holding that one telephone call and one letter into the forum, advising the plaintiffs of their employment start dates, were insufficient to justify exercising personal jurisdiction over the defendant); *Patterson*, 764 F.2d at 1147 (holding that telephone calls made by the defendant to the forum, payments wired by the defendant to the forum, and contracts entered into with forum shipowners were insufficient to establish that the defendant purposefully availed itself of the forum).

---

[56] Hasson dep. at 388-90.

[57] Due to the Court's determination that Wright has insufficient minimum contacts with Louisiana, it need not address the second prong of the due process personal jurisdiction analysis, *i.e.*, the reasonableness prong. Furthermore, the Court need not address Wright's arguments that the claims against him should be dismissed for insufficiency of process and service of process.

Accordingly,

**IT IS ORDERED** that the motion for leave to strike and withdraw curator's answer or, in the alternative, for leave to file amended answer filed on behalf of defendant, Randal Wright,[58] is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to dismiss for lack of personal jurisdiction filed on behalf of defendant, Randal Wright,[59] is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims made by plaintiffs in the above-captioned cases against defendant, Randal Wright, are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, June 5, 2008.

 

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[58] R. Doc. No. 57.

[59] R. Doc. No. 58.