UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TATIANA OSTROWIECKI,** *et al.* | **CIVIL ACTION** |
| **VERSUS** | **No. 07-6598** |
| **AGGRESSOR FLEET, LTD.,** *et al.* | **SECTION: I/5** |
| **c/w** | |
| **SONDRA RUBIN,** *et al.* | **CIVIL ACTION** |
| **VERSUS** | **No. 07-6931** |
| **AGGRESSOR FLEET, LTD.,** *et al.* | **\*\*\*\*This order applies to both cases.** |

### ORDER AND REASONS

Before the Court is a motion for partial summary judgment,[1] filed on behalf of defendant, Certain Underwriters at Lloyd's Subscribing to Policy No. 17026 ("Underwriters"). Underwriters seeks partial summary judgment on plaintiffs' claims for pecuniary damages under the Death on the High Seas Act. For the following reasons, Underwriters's motion is **GRANTED**.

### *BACKGROUND*

The facts in this case are familiar to the parties and have been extensively documented in prior orders issued by this Court. For purposes of this motion, the relevant, undisputed facts follow. Underwriters provided underwater liability insurance to certain other defendants in this

---

[1] R. Doc. No. 69.

case, including Aggressor Fleet, Ltd., Aggressor Fleet Franchising, Inc., Aventuras Maritimas Okeanos, S.A., Wayne Hasson, and Randal Wright (the "Insureds").  Insurance was provided by Policy No. 17026 (the "Policy"), in which Underwriters agreed to make payments for certain claims filed against the Insureds.  Part 1, Section A of the Policy (the "Claims Provision") states:

> Subject to the Limit of Liability, the Underwriters agree to pay on behalf of the **Insured** all sums which the **Insured** shall become legally obligated to pay as **Damages** for **Bodily Injury** and/or **Property Damage** for **Claims** arising from an **Event** caused by any negligent act, error or omission in the rendering of or failure to render **Professional Services** by an **Insured**.[2]

Underwriters filed this motion on February 8, 2008.[3]  It has asked the Court to grant summary judgment on any claims plaintiffs have against it under the Death on the High Seas Act ("DOHSA").  Underwriters argues that plaintiffs' claims pursuant to that federal statute are not covered by the terms of the Policy.

*LAW AND ANALYSIS*

I.     **Standard of Law**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266, 274

---

[2] R. Doc. No. 69-9, Exh. J, at 20

[3] R. Doc. No. 69.

(1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).  The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211-12 (1986).  The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue.  *Id.*  The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor."  *Id.* at 255, 106 S. Ct. at 2513, 91 L. Ed. 2d at 216; *see Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731, 741 (1999).

## II.     The Policy

As an initial matter, the issue before the Court is not, as contended by plaintiffs, whether the Policy contains an express exclusion for pecuniary damages.[4]  Rather, the issue is whether

---

[4] R. Doc. No. 117, mem. opp., at 9.

x

final

certain claims made by plaintiffs under DOHSA, and any eventual damages awards obtained pursuant to those claims, fall within the scope of the Policy's Claims Provision.

Initially, the Claims Provision limits Underwiters's obligation to those sums for which an Insured becomes legally liable to pay pursuant to a settlement or court order. This is accomplished by the definition of "Damages" in the "Additional Definitions" section of the Policy.[5] The Claims Provision further limits Underwriters's obligation to "Damages" for "Bodily Injury" and/or "Property Damage." "Bodily Injury" is defined in the Policy as follows: "Bodily Injury means Bodily Injury, mental anguish, mental injury, emotional distress only following physical injury sustained by a person."[6] "Property Damage," meanwhile, "means physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it."[7] The "Bodily Injury" and "Property Damage" definitions, therefore, qualify the "Damages" that Underwriters will pay under the Claims Provision.

To summarize, Underwriters must pay on behalf of an Insured when the Insured is legally

---

[5] "Damages" are defined as follows:

> Damages means a compensatory monetary judgment or award (including pre-judgment interest) or settlement entered into with the Underwriters' prior written consent, and does not include:
> A.   Defense Expenses;
> B.   Punitive or exemplary damages, fines, judicial sanctions, penalties, or any damages which are a multiple of compensatory damages;
> C.   The return or restitution of fees, compensation, profits, charges and/or expenses paid to the Insured for services rendered;
> D.   Judgments or awards deemed uninsurable by law.

R. Doc. No. 69-9, Exh. J, at 21.

[6] *Id.*

[7] *Id.*

obligated for sums attributable to bodily injury and mental anguish.[8] Underwriters's primary argument is that it cannot be liable under the Policy for any of plaintiffs' DOHSA claims against the Insureds because DOHSA does not permit plaintiffs to recover for bodily injury and mental anguish, either their own or their decedents'. *See Mobil Oil Corp. v. Higginbotham*, 436 U.S. 618, 623, 98 S. Ct 2010, 2014, 56 L. Ed. 2d 581 (1978) (interpreting DOHSA to preempt general maritime law claims for loss of society and to "limit[] survivors to recovery of their pecuniary losses"); *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 211, 106 S. Ct. 2485, 2488, 91 L. Ed. 2d 174 (1986) (precluding plaintiffs, where DOHSA applied, from asserting state wrongful death claim and recovering nonpecuniary damages thereunder); *Dooley v. Korean Air Lines Co., Ltd.*, 524 U.S. 116, 118, 118 S. Ct. 1890, 1892, 141 L. Ed. 2d 102 (1998) (holding that DOHSA claimants cannot recover for their decedents' pre-death pain and suffering).

The Fifth Circuit has stated that "DOHSA provides a cause of action for wrongful death — an action by relatives of the decedent to sue for their pecuniary losses." *Jacobs v. N. King Shipping Co., Ltd.*, 180 F.3d 713, 717 (5th Cir. 1999). Any of plaintiffs' pecuniary losses under DOHSA would not fall within the scope of the Bodily Injury definition. Those losses might include funeral expenses, loss of income, or loss of services, none of which are implicated by the definition of Bodily Injury in the Policy. The Court notes that granting the partial summary judgment sought by Underwriters by its motion would in no way preclude plaintiffs from recovering for losses under a legal theory other than DOHSA.

Contrary to plaintiffs' contention, the Policy does provide coverage for pecuniary losses.[9]

---

[8] For simplicity, the Court employs the term "mental anguish" to comprise mental anguish, mental injury, and emotional distress, as set forth in the Policy's definition of "Bodily Injury."

[9] R. Doc. No. 117, mem. opp., at 3.

For instance, if a person was injured in, but did not die during, an underwater dive, the Policy would presumably cover that person's medical bills and his family's loss of services and support owing to his bodily injuries.  Similarly, plaintiffs are incorrect when they claim that Underwriters argues that the Policy covers only emotional injuries.[10]  Underwriters does not dispute that the Policy covers bodily injury or property damage.  What Underwriters argues is that DOHSA does not allow recovery for any of the "Bodily Injury" sums covered by the Policy.

Underwriters argues that because no court will (or should) enter an award for damages under DOHSA predicated upon bodily injury or mental anguish (whether suffered by plaintiffs or their decedents), they cannot become obligated to pay such an award.[11]  The Court agrees with Underwriters's interpretation of the Policy.  The "Bodily Injury" qualification limits the "Damages" payable by Underwriters to a category of damages that are not recoverable under DOHSA.[12]  Underwriters is, therefore, entitled to summary judgment in its favor on plaintiffs' DOHSA claims.

Accordingly,

**IT IS ORDERED** that the motion for partial summary judgment, filed on behalf of defendant, Certain Underwriters at Lloyd's Subscribing to Policy No. 17026, is **GRANTED**.

---

[10] *Id.* at 7.

[11] On one level, Underwriters's motion begs the question: if it is a certainty that no court will enter a judgment in plaintiffs' favor on their DOHSA claims, then why should Underwriters move for a ruling merely stating this certainty?  The Court of course acknowledges the potential for congressional override of the various Supreme Court rulings clarifying the limits of recovery under DOHSA.  Under the current state of the law, though, Underwriters is entitled to partial summary judgment.

[12] The language of the Policy is not ambiguous.  Therefore, the Court has no occasion to consider plaintiffs' arguments with respect to ambiguity and the parol evidence rule.  *See* R. Doc. No. 117, mem. opp., at 8.

New Orleans, Louisiana, July 24, 2008.

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**