UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TATIANA OSTROWIECKI,** *et al.* | **CIVIL ACTION** |
| **VERSUS** | **No. 07-6598** |
| **AGGRESSOR FLEET, LTD.,** *et al.* | **SECTION: I/5** |
| **c/w** | |
| **SONDRA RUBIN,** *et al.* | **CIVIL ACTION** |
| **VERSUS** | **No. 07-6931** |
| **AGGRESSOR FLEET, LTD.,** *et al.* | **\*\*\*\*This entry applies to both cases.** |

### ORDER AND REASONS

Before the Court is a motion, filed on behalf of plaintiffs, asking the Court to reconsider its prior order granting partial summary judgment to defendant, Certain Underwriters at Lloyd's Subscribing to Policy No. 17026 ("Underwriters").[1]  For the following reasons, the prior order is **MODIFIED** such that the original motion for partial summary judgment is **DENIED**.

### *BACKGROUND*

The parties are familiar with the facts of this case from the Court's prior orders.  For the purposes of plaintiffs' motion, the pertinent provision (the "claims provision") is Section A under "Coverage — Claims Made" in the Underwater Liability Insurance policy (the "Policy"):

> Subject to the Limit of Liability, the Underwriters agree to pay on behalf of the Insured all sums which the Insured shall become

---

[1] R. Doc. No. 265.

> legally obligated to pay as Damages for Bodily Injury and/or
> Property Damage for Claims arising from an Event caused by any
> negligent act, error or omission in the rendering of or failure to
> render Professional Services by an Insured.[2]

Plaintiffs ask the Court to reconsider its ruling that any damages recoverable under the Death on the High Seas Act ("DOHSA") claims are not covered by the Policy.

## *LAW AND ANALYSIS*

The Court's prior order was premised on an interpretation of the Policy that plaintiffs could not recover DOHSA damages because those damages are pecuniary only and, therefore, do not fall within the Policy's definition of Bodily Injury.[3] Some language in the order, however, supported the proposition that a claimant could recover pecuniary losses owing to Bodily Injury to another person.[4] Upon reconsideration, the Court clarifies its prior order and concludes that the Bodily Injury referenced in the claims provision refers not exclusively to injury sustained by the claimant/plaintiff, but is broad enough to include injury to another, e.g., a claimant's decedent. Neither the claims provision nor the definition of Bodily Injury define the injury as necessarily being sustained by the claimant. Indeed, the definition of Bodily Injury refers to

---

[2] R. Doc. No. 265-3, ex. A, 4.

[3] The Policy defines Bodily Injury as follows: "Bodily Injury means Bodily Injury, mental anguish, mental injury, emotional distress only following physical injury sustained by a person." Id. at 5. Though the Court previously ruled that the Policy language was not ambiguous, see R. Doc. No. 264, order at 6 n.12, it did not specifically consider whether the definition of Bodily Injury was itself ambiguous. Given the circularity of the Bodily Injury definition, the Court concludes that this definition is ambiguous. Such ambiguity is to be construed against the drafter, Underwriters, and in favor of coverage. See Crabtree v. State Farm Ins. Co., 632 So. 2d 736, 741 (La. 1994).

[4] R. Doc. No. 264, order, 6 ("[I]f a person was injured in, but did not die during, an underwater dive, the Policy would presumably cover that person's medical bills and his family's loss of services and support owing to his bodily injuries." (emphasis added)).

2

injury "sustained by a person" (emphasis added), further supporting the conclusion that the injury need not be sustained by the claimant for ensuing damages to be recoverable. It is a reasonable interpretation of "Damages for Bodily Injury" to mean damages, including pecuniary losses, that are caused by or arise out of a Bodily Injury, as defined in the Policy.

To the extent that the Court considered death of an individual to fall outside the definition of Bodily Injury, that conclusion is rescinded upon reconsideration. Plaintiffs have identified Cangelosi v. Allstate Insurance Co., 680 So. 2d 1358 (La. Ct. App. 1st Cir. 1996), as authority for the proposition that the term "bodily injury" in an insurance policy is construed to include death.[5] Id. at 1362. Further, the definition of an Event contemplates death (of a claimant's decedent) as an event which can trigger coverage under the Policy. It is, therefore, reasonable to interpret Bodily Injury to include death. An Insured's liability to a claimant who recovers damages — whether pecuniary damages under DOHSA or some other damages — arising out of a death are covered under the Policy, subject to any applicable coverage exclusion.[6]

---

[5] Plaintiffs submit, and Underwriters does not dispute, that Louisiana law governs interpretation of the Policy. R. Doc. No. 265-2, mem. supp. at 5. The Court agrees.

[6] The Court notes that the Policy lacks a specific exclusion of coverage for DOHSA claims. Had Underwriters intended to exclude coverage for such damages, it could have so provided through an exclusion.

Accordingly, the Court's prior order dated July 25, 2008[7] is **MODIFIED** such that Underwriters's motion for partial summary judgment[8] is **DENIED**.

New Orleans, Louisiana, August 19, 2008.

                                         **LANCE M. AFRICK**
                            **UNITED STATES DISTRICT JUDGE**

---

[7] R. Doc. No. 264.

[8] R. Doc. No. 69.