UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TATIANA OSTROWIECKI,** *et al.* | **CIVIL ACTION** |
| **VERSUS** | **No. 07-6598** |
| **AGGRESSOR FLEET, LTD.,** *et al.* | **SECTION: I/5** |
| **c/w** | |
| **SONDRA RUBIN,** *et al.* | **CIVIL ACTION** |
| **VERSUS** | **No. 07-6931** |
| **AGGRESSOR FLEET, LTD.,** *et al.* | **\*\*This entry applies to 07-6931 only.** |

**ORDER**

Before the Court is a motion for reconsideration[1] of the order entered August 28, 2008,[2] filed on behalf of defendants, Aggressor Fleet Franchising, Inc., Aggressor Fleet, Ltd., and Wayne Hasson (collectively, "defendants"). Plaintiff, Lilith Rubin ("Rubin"), has opposed the motion.[3]

In its August 28 order, the Court concluded that "punitive damages are available to Lilith Rubin on her claim and that her request for such relief was adequately plead in the petitions."[4] Though the Court concluded that the allegations in Rubin's petition were adequate to state a

---

[1] R. Doc. No. 317.

[2] R. Doc. No. 312, order.

[3] R. Doc. No. 326, mem. opp'n.

[4] Order. The Court modified its order, see R. Doc. No. 315, to clarify that punitive damages were available only to the extent sought by Rubin — that is, solely on her intentional infliction of emotional distress claim based on defendants' alleged confinement of Rubin to the D/V OKEANOS AGGRESSOR following her father's disappearance.

claim for punitive damages, the Court reached its conclusion without addressing whether the substantive general maritime law allowed for such recovery.  Defendants now urge the Court to revisit this question.[5]

Defendants, citing the Miles doctrine, argue that, pursuant to the general maritime law, punitive damages are unavailable to nonseaman plaintiffs.  See Miles v. Apex Marine Corp., 498 U.S. 19 (1990).  They cite three cases from this district to support their argument.

In Kelly v. Bass Enterprises Production Co., 17 F. Supp. 2d 591 (E.D. La. 1998) (Fallon, J.), plaintiffs were nonseamen injured in state territorial waters who sought punitive damages under the general maritime law.  Id. at 592-93.  Judge Fallon cited the decisions of lower courts that Miles eliminated punitive damages in general maritime law claims.  Id. at 600.  However, Judge Fallon concluded that the plaintiffs' factual allegations did not meet the threshold requirements of a punitive damages claim, and declined to decide whether such damages were available to nonseafarers.  Id.  Kelly is, therefore, not dispositive on the question before this Court.

In Hunter v. Seabulk Offshore, Ltd., 993 F. Supp. 973 (E.D. La. 1998) (Clement, J.), plaintiff was a passenger who sued a vessel owner for his injuries pursuant to the general maritime law.  Like Judge Fallon, Judge Clement noted the "trend within the lower courts . . . deny[ing] nonpecuniary recovery to nonseamen plaintiffs for personal injuries under the general maritime law."  Id. at 975.  She went on to dismiss the plaintiff's claim for punitive damages,

---

[5] Rubin suggests that the Court should decline to consider the motion because defendants failed to comply with a separate order of this Court, dated August 28, 2008, in which the Court precluded the parties from filing motions without having first obtained special leave to do so.  See R. Doc. No. 314.  With the benefit of full briefing by the parties on the subject, and in the interest of proper application of the law, the Court will proceed to adjudicate the dispute.

holding that such damages were unavailable as a matter of law post-<u>Miles</u>.

Judge Clement reached a similar result in <u>Earhart v. Chevron U.S.A. Inc.</u>, 852 F. Supp. 515 (E.D. La. 1993), wherein the plaintiffs were nonseamen who sustained personal injuries and sued the owner of an obstruction which their vessel had struck. The court dismissed the punitive damages claims, reasoning that <u>Miles</u> eliminated the availability of punitive damages under the general maritime law. <u>Hunter</u> and <u>Earhart</u> together stand for the proposition that a nonseaman, such as Rubin, cannot recover punitive damages on a claim pursuant to the general maritime law.

Although not cited by either party, the Court notes that <u>Hayden v. Acadian Gas Pipeline System</u>, No. 96-3612, 1997 WL 382059 (E.D. La. July 9, 1997) (Vance, J.) reached the same result. That case involved a general maritime law intentional tort claim, and Judge Vance, citing <u>Miles</u> and its progeny in the Fifth Circuit and this district, precluded the plaintiff from recovering punitive damages. <u>See</u> <u>id.</u> at *3; <u>see also</u> <u>Williams v. Texaco, Inc.</u>, No. 97-1211, 1997 WL 250009 (E.D. La. May 8, 1997) (Livaudais, J.).

Rubin contends that punitive damages are available to nonseamen under general maritime law, citing <u>Marquette Transportation Co., Inc. v. Zurich American Insurance Co.</u>, No. 04-2386, 2006 WL 851399 (E.D. La. Mar. 14, 2006) (Africk, J.). In <u>Marquette</u>, however, this Court considered whether a vessel owner plaintiff could recover bad faith punitive damages against an insurer under Kentucky state law. <u>Id.</u> at *8. Concluding that the defendant insurer's conduct failed to meet the requisite standard, the Court disallowed the punitive damages under Kentucky law. Without applying general maritime law, the Court noted that the plaintiff's allegations were similarly insufficient to sustain punitive damages under the maritime law. <u>Id.</u> at *10. Therefore, <u>Marquette</u> is unhelpful to Rubin's position.

Finally, Rubin contends that the cases cited by defendants — and the <u>Miles</u> doctrine generally — apply only to wrongful death or personal bodily injury actions.[6] However, Rubin does not point to any authority holding that general maritime claims for emotional distress torts should be treated differently from those for personal injury or wrongful death.[7]

Accordingly,

**IT IS ORDERED** that the motion for reconsideration is **GRANTED** and that this Court's prior order is **MODIFIED** such that punitive damages are not available to Rubin on her claim of intentional infliction of emotional distress based on the alleged confinement to the vessel.

New Orleans, Louisiana, December 11, 2008.

*[signature]*

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[6] Mem. opp'n 5.

[7] This Court's prior ruling on the motion for summary judgment, <u>see</u> R. Doc. No. 283, addressed whether such emotional distress claims were <u>preempted</u> by the Death on the High Seas Act. That order did not confront the present question of whether certain types of damages were recoverable for those claims.