UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TATIANA OSTROWIECKI,** *ET AL.* | **CIVIL ACTION** |
| **VERSUS** | **No. 07-6598 cw** |
| | **No. 07-6931** |
| **AGGRESSOR FLEET, LTD.,** *ET AL.* | **SECTION I/5** |
| CONSOLIDATED WITH | |
| **SONDRA RUBIN,** *ET AL.* | |
| **VERSUS** | |
| **AGGRESSOR FLEET, LTD.,** *ET AL.* | |

**ORDER AND REASONS**

Before the Court is a motion for entry of partial judgment, filed on behalf of defendants, Aggressor Fleet, Ltd., Aggressor Fleet Franchising, Inc., and Wayne Hasson ("Defendants").[1] Defendants seek an entry of a final judgment pursuant to Federal Rule of Civil Procedure 54(b) on all plaintiffs' claims decided at trial. Additionally, Defendants ask this to Court certify for appeal its order denying judgment as a matter of law.[2] Plaintiffs, Sondra and Lilith Rubin have opposed the motion. For the following reasons, the motion is **DENIED**.

**I.     Federal Rule of Civil Procedure 54(b)**

Rule 54(b) of the Federal Rules of Civil Procedure gives a district court the discretion to direct entry of a final judgment "as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay." The Fifth Circuit has stated:

---

[1] R. Doc. No. 470.

[2] R. Doc. No. 464.

1

> One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals. A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel.

*PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996) (citations omitted).

Defendants argue that if their motion is not granted, the parties run the risk of having to conduct an additional trial if the Fifth Circuit vacates a portion of the jury's verdict. That risk, however, is inherent in any 54(b) scenario. Given that trial is scheduled to commence within five weeks on the only remaining claim, the Court is not persuaded that any danger of hardship or injustice outweighs the Fifth Circuit's policy against piecemeal appeals. Further, it should be noted that plaintiffs initiated this litigation more than five years ago. The Court is not convinced that staying this matter pending appeal would avoid, rather than exacerbate, "injustice through delay."

## II.     28 U.S.C. § 1292(b)

Title 28, United States Code, Section 1292(b) provides that a district court may certify an order for interlocutory appeal when that order "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." "The rule that only final decisions are appealable is intended to promote judicial economy by preventing multiple appeals in the same case." *Pemberton v. State Farm Mut. Auto. Ins. Co.*, 996 F.2d 789, 791 (5th Cir. 1993). As stated above, the trial date is five weeks away. Following that trial, the Court of Appeals will be able to consider the case in its entirety. Interlocutory appeal is inappropriate

because it would not serve to "materially advance the ultimate termination of the litigation."

**III. Conclusion**

Accordingly, and for the reasons state above,

**IT IS ORDERED** that the motion for entry of partial judgment is **DENIED**.

New Orleans, Louisiana, July 6, 2009.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**